Jennifer Miller (CA 320823)
Benesch, Friedlander, Coplan & Aronoff LLP
One Montgomery Tower
120 Kearny Street, Suite 2700
San Francisco, California 94104
Telephone:   (628) 600-2250)
Facsimile:    (628) 221-5828
jamiller@beneschlaw.com

J. Erik Connolly (*PHV* IL 6269558)
Kate Watson Moss (*PHV* IL 6321176)
Madhavi Seth (*PHV* IL 6330420)
Benesch, Friedlander, Coplan & Aronoff LLP
71 South Wacker Drive, Suite 1600
Chicago, Illinois 60606-4637
Telephone:   (312) 212-4949)
Facsimile:    (312) 767-9192
econnolly@beneschlaw.com
kmoss@beneschlaw.com
mseth@beneschlaw.com

*Attorneys for Defendant*

### IN THE UNITED STATE DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIFFIN CHERRY HILL LLC, and TIFFIN MOUNT AIRY, LLC, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>CAVIAR, INC., d/b/a TRY CAVIAR,<br><br>Defendant. | Case No. 3:20-cv-00403-SK<br><br>**MOTION TO DISMISS** |

**NOTICE OF MOTION AND MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on Monday, June 1, 2020 at 9:30 a.m., or as soon thereafter as the matter may be heard in person or telephonically, in the courtroom of the Honorable Sallie Kim, United States Magistrate Judge, located at the Philip Burton Federal Building and United States Courthouse, 450 Golden Gate Avenue, San Francisco, California, Courtroom C, 15th Floor, Defendant Caviar, LLC d/b/a/ Try Caviar ("Defendant" or "Caviar"), by its undersigned counsel, will and hereby does move for an order dismissing all claims alleged in Plaintiffs' Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

This motion is based on this Notice of Motion, the Memorandum of Points and Authorities in support thereof, and all papers, pleadings, documents, arguments of counsel, and other materials presented before or during the hearing on this motion, and any other evidence and argument the Court may consider.

1

## **<u>TABLE OF CONTENTS</u>**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................. 6

FACTUAL BACKGROUND ...................................................................................................... 6

LEGAL STANDARD ................................................................................................................. 7

ARGUMENT .............................................................................................................................. 8

I.       Plaintiffs' Claims Should Be Dismissed Because the Statute of Limitation Has

        Lapsed. ........................................................................................................................ 8

II.      Plaintiffs' Conversion Claim Should Be Dismissed. ................................................ 10

        A.      Plaintiffs' allegations do not satisfy the elements of a conversion claim under

              California law because Plaintiffs consented to the conduct they now complain

              of. ...................................................................................................................... 10

        B.      Plaintiffs misclassify their damages for breach of contract as a claim for

              conversion. ........................................................................................................ 11

III.     Plaintiffs' UCL Claim Should Be Dismissed. .......................................................... 12

CONCLUSION ......................................................................................................................... 14

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# <u>TABLE OF AUTHORITIES</u>

## <u>Federal Cases</u>

*Acculmage Diagnostics Corp. v. Terarecon, Inc.,*
   260 F. Supp. 2d 941 (N.D. Cal. 2003)… .........................................................................12

*Ashcroft v. Iqbal,*
   556 U.S. 662 (2009).........................................................................................................7

*Bank of New York v. Fremont Gen. Corp.,*
   523 F.3d 902 (9th Cir. 2008) .........................................................................................11

*Beasley v. Conagra Brands, Inc.,*
   374 F. Supp. 3d 869 (N.D. Cal. 2019) .......................................................................9, 10

*Beasley v. Lucky Stores, Inc.,*
   400 F. Supp. 3d 942 (N.D. Cal. 2019) .............................................................................9

*Bell Atlantic Corp. v. Twombly,*
   550 U.S. 544 (2007).........................................................................................................7

*Conder v. Home Sav. of Am.,*
   680 F. Supp. 2d 1168 (C.D. Cal. 2010) .........................................................................12

*Florey Institute of Neuroscience and Mental Health v. Kleiner Perkins Caufield & Byers,*
   31 F. Supp. 3d 1034 (N.D. Cal. 2014) ...........................................................................12

*Forever 21, Inc. v. Nat'l Stores Inc.,*
   No. 2:13–cv–10807–ODW(JCGx), 2014 WL 722030 (C.D. Cal. Feb. 24, 2014) .......................12, 13

*Nuvo Research Inc. v. McGrath.,*
   No. C 11–4006– SBA, 2012 WL 1965870 (N.D. Cal. May 31, 2012)..............................13

*Sanchez v. Compania Mexicana De Aviacion S.A.,*
   No. 08-55553, 361 Fed. App'x 751 (9th Cir. 2009) ........................................................10

*Shrem v. Southwest Airlines Company,*
   No. 17-15896, 747 Fed. App'x 629 (9th Cir. 2019) ..........................................................9

*In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.,*
   758 F. Supp. 2d 1077 (S.D. Cal. 2010)...........................................................................13

*Sybersound Records, Inc. v. UAV Corp.,*
   517 F.3d 1137 (9th Cir. 2008) .......................................................................................12

## <u>State Cases</u>

*Bernardo v. Planned Parenthood Federation of America,*
   115 Cal. App. 4th 322 (Cal. Ct. App. 2004)...................................................................13

*Farrington v. A. Teichert & Son, Inc.,*
    59 Cal. App. 2d 468 (Cal. Ct. App. 1943) ..........................................................11

*Imperial Valley Co. v. Globe Grain and Milling Co*
    187 Cal. 352 (Cal. 1921)...........................................................................11, 12

*M. Lou Marsh v. Anesthesia Services Medical Group, Inc.,*
    200 Cal. App. 4th 480 (Cal. 2011)..................................................................14

*Plummer v. Day/Eisenberg, LLP,*
    184 Cal. App. 4th 38 (Cal. Ct. App. 2010) ....................................................11

*Puentes v Wells Fargo Home Mortgage, Inc.,*
    160 Cal.App.4th 638 (Cal. Ct. App. 2008) ....................................................13

## <u>Statutes</u>

Cal. Bus. & Prof. Code § 17208 (West 2019) .......................................................8

Cal. Code. Civ. Proc. § 337(a) (West 2019) ..........................................................8

Cal. Code. Civ. Proc. § 338(c) (West 2019) ..........................................................8

California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200, *et seq.* ......................................6

## <u>Rules</u>

Rule 12(b)(6).............................................................................................................7

## <u>Other Authorities</u>

CACI No. 2100 (2017) .........................................................................................11

## MEMORANDUM OF POINTS AND AUTHORITIES

This is a contract case. Plaintiffs own two Indian Restaurants, both of whom contracted with Caviar, an all-in-one food ordering platform that connects diners with restaurants via convenient delivery, pickup, or catering.  The model is simple: a customer places an order for a restaurant's food on Caviar's website or mobile application. The customer pays Caviar directly, and Caviar delivers the customer's order straight to his or her door. Caviar then █████████████████████████████████ ██████████████████████████████████████████████████████████████████████████ ██████████████████████████████████████████████████

The crux of the case is this: Plaintiffs (1) allege that Caviar has been ███████████████ ██████████████████████████████████████████ (2) speculate that Caviar has similar agreements in place with other restaurants and (3) further speculate that Caviar is ████████████ ████████████████████████████████████ That said, Plaintiffs do not allege a widespread conspiracy to deprive consumers of vast sums of money—the calculation difference is measured in cents, not dollars.  Nor do they allege that Caviar took property out of their bank accounts. Plaintiffs allege a straight-forward contract claim.

Yet Plaintiffs have enlarged a simple dispute over contractual interpretation into not only a claim for breach of contract, but also for conversion and violation of California's Unfair Competition Law[1] ("UCL").  They seek to inflate a disagreement ████████████████████████████████—into a case of tortious misconduct and consumer fraud.  These puffed-up claims are not supported by the law. What's more, all of these claims—for breach of contract, conversion, and violation of the UCL—are barred by the applicable statutes of limitation. Plaintiff's over-inflated complaint fails from the outset. For these reasons, Plaintiffs' claims should be dismissed with prejudice.

## FACTUAL BACKGROUND

Caviar, through its online platform, connects customers seeking food delivery to independent restaurants that generally do not otherwise offer delivery services. (Dkt. No. 1, Class Action Complaint ("Compl.") ¶ 13.) Customers can use Caviar to order restaurant meals on the web or through an application

---

[1] Cal. Bus. & Prof. Code §§ 17200, *et seq*.

on their smartphones. (*Id* .¶ 14.) Restaurants who want to utilize Caviar's online platform enter into "Delivery Service Agreements" with Caviar. (*Id.* ¶ 15.)

Plaintiffs own and operate two such restaurants, both of which do business under the name "Tiffin Indian Cuisine." (Compl. ¶¶ 10–11.) Under the Delivery Service Agreements between Plaintiffs and Caviar, ███████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
██████

Plaintiffs allege ███████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████████████
████████████████████████████████████ This purported mathematical "error" forms the basis for Plaintiffs' breach of contract, conversion, and UCL claims.

## LEGAL STANDARD

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Rather, a plaintiff must instead allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 557). Specifically, "[w]hen a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* When ruling on a motion to

7

dismiss, courts generally consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice. *Shrem v. Southwest Airlines Company,* No. 17-15896, 747 Fed. App'x 629, 603 (Mem) (9th Cir. 2019) (quoting *Manzarek v. St. Paul Fire & Marine Insurance Company*, 519 F.3d 1025, 1030-31 (9th Cir. 2008))

## ARGUMENT

Plaintiffs' claims should be dismissed for three separate and independent reasons. ***First***, all three of Plaintiffs' claims are time barred under the relevant statutes of limitation. ***Second***, Plaintiffs have failed to plead the elements of a conversion claim because their allegations show that Plaintiffs consented to Caviar's method of apportioning funds under the Delivery Service Agreements and because a conversion claim must be based on more than a simple contractual right to money. ***Third***, Plaintiffs' complaint is based on breach of contract and, as such, they have failed to allege the type of injury that is actionable under California's UCL.

## I.     Plaintiffs' Claims Should Be Dismissed Because the Statute of Limitation Has Lapsed.

The first reason this case should be dismissed is that Plaintiffs have plead facts that, if accepted as true, demonstrate that the applicable statutes of limitation have run on Plaintiffs' breach of contract, conversion, and UCL claims. Plaintiffs' breach of contract and UCL claims have four-year statutes of limitation, and their conversion claim has a three-year statute of limitation. In the Complaint, Plaintiffs allege that Caviar has engaged in illegal conduct since "at least" 2014. Accordingly, Plaintiffs' breach of contract and UCL claims must have been filed by 2018, and their conversion claim by 2017—long before January 2020. Accordingly, Plaintiffs' claims are time-barred.

Plaintiffs have brought three claims against Caviar: breach of contract (Compl. ¶¶ 47–52), conversion (Compl. ¶¶ 53–60), and violation of the California UCL (Compl. ¶¶ 61–78.) Under California law, any action "upon any contract, obligation or liability founded upon an instrument in writing" must be brought within four years. Cal. Code. Civ. Proc. § 337(a) (West 2019). UCL claims "shall be commenced within four years[.]" Cal. Bus. & Prof. Code § 17208 (West 2019). Claims for "taking, detaining, or injuring goods or chattels," including claims for conversion, must be brought within three years. Cal. Code. Civ. Proc. § 338(c) (West 2019).

In the Complaint, Plaintiffs allege that "[s]ince at least 2014, Caviar ███████████████

8

1  ███████████████ in excess of the contracted rate." (*See* Compl. ¶¶ 4, 26 ("[S]ince at least the time of

2  Caviar's acquisition by Square in 2014, ████████████████████████████████████

3  ████████████████████████████████ Under the Delivery Service Agreements with Caviar,

4  Plaintiffs ███████████████████████████████████████████████████

5  ██████████████████████████████████████████████████████████████

6  ██████████████████████████████████████████████████████████████

7  ████████████████████████████ These reports, called "Payout Reports," are emailed from

8  Caviar directly to Plaintiffs, and are also available via an online portal. (*See, e.g.*, Compl. ¶¶ 28, 29, 32.)

9  Plaintiffs can access and review these Payout Reports—which contain information on the "food price"

10  (amount spent by customer on food and beverages), tax, Caviar portion, and restaurant portion—at any

11  time. As such, Plaintiffs have *always* been aware of ██████████████████████████████

12  ██████████████████████████

13         Because Plaintiffs brought claims with, at most, a four-year statute of limitation, based on conduct

14  they allege began in 2014, Plaintiffs had until 2018 to bring their claims. Because Plaintiffs waited until

15  January 21, 2020 to bring their claims—*see* Dkt. No. 1—their claims are time-barred. *See Beasley v.*

16  *Conagra Brands, Inc.*, 374 F. Supp. 3d 869, 882–84 (N.D. Cal. 2019) (dismissing UCL claim because it

17  was untimely and allegations of complaint did not support plaintiff's argument that the doctrine of

18  equitable tolling or the discovery-rule exception should apply).

19         Caviar anticipates that Plaintiffs will point to the discovery rule in order to argue that their claims

20  are not time-barred and should be allowed to proceed. This argument is unavailing. Under California

21  law, "to rely on the discovery rule for delayed accrual of a cause of action," the plaintiff "must specifically

22  plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier

23  discovery despite reasonable diligence." *Beasley v. Lucky Stores, Inc.*, 400 F. Supp. 3d 942, 958 (N.D.

24  Cal. 2019) (citing *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808 (2005) (internal quotation,

25  citation, and emphasis omitted)). In assessing the sufficiency of the allegations of delayed discovery, the

26  court places the burden on the plaintiff to show diligence; conclusory allegations will not withstand" a

27  motion to dismiss. *Id.*

28         Here, the facts *as alleged by Plaintiffs* demonstrate that they either were aware of the manner by

which Caviar apportioned incoming customer payments between Plaintiffs and Caviar, or that they should have been aware based on the Payout Reports available to Plaintiffs. *See e.g. Conagra Brands, Inc*., 374 F. Supp. at 869 (dismissing UCL claim filed after the statute of limitations period had run because the plaintiff did not plead facts supporting his contention that he could not have made his discovery sooner); *Sanchez v. Compania Mexicana De Aviacion S.A.,* No. 08-55553, 361 Fed. App'x 751 (9th Cir. 2009) (unpublished decision noting that the application of the discovery rule was not appropriate in a case where the plaintiff complained that she was charged for an illegal tax in violation of an agreement to purchase an airline ticket because the tax was readily apparent on the face of the ticket).  For that reason, Plaintiffs' claims should be dismissed with prejudice because they violate the applicable statutes of limitation.

## II.     Plaintiffs' Conversion Claim Should Be Dismissed.

Plaintiffs' conversion claim must be dismissed for two reasons.  First, Plaintiffs' claim cannot satisfy the elements for conversion under California law because Plaintiffs have consented to the conduct they now complain of.  Second, Plaintiffs' claim fails because conversion requires more than a contractual right to money and Plaintiffs' conversion claim is no more than a measure of damages for breach of contract.

### A.     Plaintiffs' allegations do not satisfy the elements of a conversion claim under California law because Plaintiffs consented to the conduct they now complain of.

To plead a claim for conversion under California law, a plaintiff must allege the following elements:

(1) That plaintiff owned, possessed, or had a right to possess certain property;

(2) That defendant intentionally and substantially interfered with plaintiff's property by:

  a.   Taking possession of that property,

  b.   Preventing plaintiff from having access to that property,

  c.   Destroying that property, or

  d.   Refusing to return that property after plaintiff demanded its return;

(3) That plaintiff did not consent;

(4) That plaintiff as harmed; ***and***

(5) That defendant's conduct was a substantial factor in causing plaintiff's harm.

CACI No. 2100 (2017) (conversion jury instructions); *see also Bank of New York v. Fremont Gen. Corp.*, 523 F.3d 902, 914 (9th Cir. 2008). "[T]he law is well settled that there can be no conversion where an owner either expressly or impliedly assents to or ratifies the taking, use or disposition of his property." *Farrington v. A. Teichert & Son, Inc.*, 59 Cal. App. 2d 468, 474 (Cal. Ct. App. 1943) (internal citations omitted); *see also Bank of New York*, 523 F.3d at 914–15 (where plaintiff was aware of conduct that later forms the basis for a conversion claim and does nothing to stop it, plaintiff cannot succeed on that claim).

As discussed above—*see supra* Part I—Plaintiffs' allegations establish that they knew or should have known the manner in which Caviar was calculating its payments since 2014.  They have not complained to Caviar about how it calculated payments for the last six years.  Furthermore, Plaintiffs'

████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████████████████

████   Plaintiffs' accusations are wholly inconsistent with its conduct, which clearly demonstrates that Plaintiffs consented to the method Caviar used to calculate and apportion payments for the last six years. Accordingly, their conversion claim must be dismissed.

**B.      Plaintiffs misclassify their damages for breach of contract as a claim for conversion.**

Plaintiffs' conversion claim is also legally insufficient because it is nothing more than a claim for damages related to a breach of contract.  California law is clear: "[n]either legal title nor absolute ownership of the property is necessary [to establish a claim for conversion]. . . . However, a mere contractual right of payment, without more, will not suffice."  *Plummer v. Day/Eisenberg, LLP*, 184 Cal. App. 4th 38, 45 (Cal. Ct. App. 2010). Thus, in order to survive a motion to dismiss, a plaintiff must allege that he had more than a contractual right to monies under a contract, otherwise what he claims is "conversion" is actually just a measure of damages for breach of contract.

The black letter law of California is unequivocal: a claim for conversion cannot be based on the withholding of funds due under an agreement.  To allow otherwise would effectively punish a defendant for the same conduct twice.  For example, in the seminal case of *Imperial Valley Co. v. Globe Grain and Milling Co.*, the defendant tenant entered into an agreement to raise crops on land it leased from the plaintiff landlord, for which it would pay the landlord one-fourth of the crop. 187 Cal. 352, 353–54 (Cal. 1921). However, the tenant sold the entire crop to someone else, and the proceeds were used to pay the

tenant's other debts. *Id.* The landlord brought an action for conversion, the subject of which were the crops it was owed pursuant to its lease with the tenant. *Id.* The Supreme Court concluded that the landlord did not state a claim because the rental agreement established no title to or lien upon the crop, but rather only established the measure of damages for breach of contract. *Id.*

The facts at bar are analogous to those of *Imperial Valley Co.* In this case, Plaintiffs have alleged that Caviar converted funds owed to them under their agreements. (*See* Compl. ¶¶ 48, 51, 56.) Indeed, Plaintiffs' Count for their conversion claim—which is comprised of eight paragraphs and spans less than a single page—references their agreements with Caviar *five times*. (*See id.* at ¶¶ 53–60.) Plaintiffs do not allege any other basis for their conversion claim.  Thus, Plaintiffs are seeking to recover  for the same alleged conduct: once for breach of contract, and again for conversion.  To permit Plaintiffs to do so would be both inequitable and contrary to California law.  *See Florey Institute of Neuroscience and Mental Health v. Kleiner Perkins Caufield & Byers*, 31 F. Supp. 3d 1034, 1042 (N.D. Cal. 2014) (dismissing conversion claim and finding that "all of Plaintiff's theories for recovery arise from the Agreements, suggesting to the Court that Plaintiff is simply avoiding pursuing adequate remedies at law").

## III.   Plaintiffs' UCL Claim Should Be Dismissed.

Plaintiffs do not allege facts sufficient to form the basis for a UCL claim, and thus their claim should be dismissed.  "While section 17200 has broad application, […] its scope is restricted to violations of law, not contract."  *Acculmage Diagnostics Corp. v. Terarecon, Inc.*, 260 F. Supp. 2d 941, 954–55 (N.D. Cal. 2003) (citations omitted). A mere breach of contract does not constitute grounds for a claim under section 17200. *Conder v. Home Sav. of Am.*, 680 F. Supp. 2d 1168, 1176 (C.D. Cal. 2010) (dismissing UCL claims based on a breach of contract); *Forever 21, Inc. v. Nat'l Stores Inc.*, No. 2:13–cv–10807–ODW(JCGx), 2014 WL 722030, at *5 (C.D. Cal. Feb. 24, 2014) (dismissing UCL claim where "the allegations are merely a repackaged version of … [a] defective breach-of-contract claim").  Plaintiffs cannot state a UCL claim where the harm they allegedly suffered is the same for a breach of contract. *Forever 21, Inc*., 2014 WL 722030, at *5 ("[t]here is nothing unlawful, unfair or fraudulent about" an alleged breach of contract); *Sybersound Records, Inc. v. UAV Corp.*, 517 F.3d 1137, 1152 (9th Cir. 2008) (affirming dismissal of UCL claim premised on a breach of contract claim because "the breaches of contract [were not] independently unlawful, unfair, or fraudulent").

To bring a legally sufficient UCL claim, a plaintiff must show either (1) an unlawful, unfair, or fraudulent business act or practice, or (2) an advertisement by the defendant was unfair, deceptive, untrue, or misleading. *Bernardo v. Planned Parenthood Federation of America,* 115 Cal. App. 4th 322, 351–56 (Cal. Ct. App. 2004). Thus, a breach of contract may form the predicate for a UCL claim only if the breach "also constitutes conduct that is 'unlawful, or unfair, or fraudulent.'" *Puentes v Wells Fargo Home Mortgage, Inc.,* 160 Cal.App.4th 638, 651 (Cal. Ct. App. 2008) (affirming summary judgment for defendant because defendant's conduct, which amounted to a mere breach of contract, was not fraudulent or unfair under the UCL). In order to be considered unlawful, unfair, or fraudulent, "(1) the consumer injury must be substantial; (2) the injury must not be outweighed by any countervailing benefits to consumers or competition; and (3) it must be an injury that consumers themselves could not reasonably have avoided." *Puentes,* 160 Cal. App. 4th at 647 (citing *Camacho v. Automobile Club of Southern California,* 142 Cal. App. 4th 1394, 1403 (Cal. Ct. App. 2006)).

Plaintiffs' UCL claim must fail because it is premised on a mere breach of contract. Plaintiffs' allege no facts in their Complaint to support their UCL claim beyond alleged breaches of the Delivery Service Agreements. (*Compare* Compl. ¶ 50, Count I ("Caviar breached its agreements with Plaintiffs and with the other Class members by retaining amounts ███████████████████████████ ███████████████████████████████████ *with id.* at ¶ 63, Count III ("Here, Caviar engaged in unlawful, unfair, and/or fraudulent business acts and practices ███████████████████████ ████████████████ and failing to inform Restaurants the rate at which Caviar actually charges them")). Plaintiffs' UCL claim is thus based on the exact same conduct and injury underlying their breach of contract claim—that Caviar calculated distribution to restaurants under their respective Delivery Service Agreements improperly—and must be dismissed. *See Nuvo Research Inc. v. McGrath*, No. C 11–4006 SBA, 2012 WL 1965870, at *6 (N.D. Cal. May 31, 2012) (dismissing UCL claim that was "predicated solely on rights emanating from the [parties'] Agreement"); *Forever 21, Inc.*, 2014 WL 722030, at *5.

Additionally, Plaintiffs' claim does not rise to the level of the kind of conduct meant to be addressed by California's UCL. Plaintiffs are corporations controlled by sophisticated businesspeople. Plaintiffs are not the kinds of "disadvantaged or vulnerable" groups that the UCL was designed to protect. *In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.*, 758 F. Supp. 2d

13

1077, 1092 (S.D. Cal. 2010) (consumers failed to allege with sufficient particularity that manufacturer of allegedly defective televisions engaged in conduct likely to deceive consumers, as required to state UCL claim). Rather, Plaintiffs' UCL claim is merely "meant to be [a] substitute[] for [a] contract action[]," and does not fall within the category of conduct the act was enacted to address. *M. Lou Marsh v. Anesthesia Services Medical Group, Inc*., 200 Cal. App. 4th 480, 502 (Cal. 2011) (anesthesiologist who alleged that patients were harmed by unfair practices as a result of hospital's post-separation implementation of policies regarding staff privileges failed to state a UCL claim against hospital because allegations were speculative in nature and did not address specific practices which the legislature had determined constitute unfair trade practices).

Furthermore, the agreements central to the Complaint demonstrate that Plaintiffs' claim is not actionable under the UCL because the injury alleged could have been reasonably avoided. Plaintiffs signed subsequent agreements with Caviar in 2017 and 2018, and have maintained a relationship with Caviar since "at least" 2014. They could have easily avoided the conduct they now claim is "unlawful, unfair, and/or fraudulent" by refusing to continue to do business with Caviar, but declined to do so.  Alternatively, Plaintiffs could have avoided the alleged injury by informing Caviar, at any time over the last six years, ███████████████████████████████████████████████ They did not do so.  As such, Plaintiffs' claim should be dismissed.

## CONCLUSION

For the foregoing reasons, Caviar respectfully requests that this Court grants its Motion To Dismiss Plaintiffs' claims as outlined above with prejudice.

Dated: April 3, 2020                    Respectfully submitted,


                                        *s/ Jennifer A. Miller*
                                        Jennifer Miller (CA 320823)
                                        Benesch, Friedlander, Coplan & Aronoff LLP
                                        One Montgomery Tower
                                        120 Kearny Street, Suite 2700
                                        San Francisco, California 94104
                                        Telephone:   (628) 600-2250)
                                        Facsimile:    (628) 221-5828
                                        jamiller@beneschlaw.com

                                        J. Erik Connolly (*PHV* IL 6269558
                                        Kate Watson Moss (*PHV* IL 6321176)
                                        Madhavi Seth (*PHV* IL 6330420)
                                        Benesch, Friedlander, Coplan & Aronoff LLP
                                        71 South Wacker Drive, Suite 1600
                                        Chicago, Illinois 60606-4637
                                        Telephone:  (312) 212-4949
                                        Facsimile:  (312) 767-9192
                                        Email:  econnolly@beneschlaw.com
                                                kmoss@beneschlaw.com
                                                mseth@beneschlaw.com

                                        *Attorneys for Defendant*

# EXHIBITS FILED UNDER SEAL